George SMITH, Plaintiff,

v.

PAN–ATLANTIC STEAMSHIP CORPO-
RATION, Defendant and Third-Party
Plaintiff (RYAN STEVEDORING COM-
PANY, Inc., Third-Party Defendant).

No. 17729.

United States District Court
E. D. Pennsylvania.

Aug. 6, 1957.

Freedman, Landy & Lorry, Philadelphia, Pa., for George Smith.

Rawle & Henderson, Philadelphia, Pa., for Pan-Atlantic S.S. Corp.

Krusen, Evans & Shaw, Philadelphia, Pa., for Ryan Stevedoring Co.

KIRKPATRICK, Chief Judge.

In this action, brought by a longshoreman, an employee of Ryan, the stevedoring contractor, against the shipowner, for personal injuries sustained while engaged in the work of loading the ship, judgment was entered upon a special verdict in favor of the plaintiff against Pan-Atlantic, the shipowner, and also in favor of Pan-Atlantic against Ryan on the basis of its liability as an indemnitor.

There is nothing in the case to bring into play the doctrine of liability based on "active" or "primary" negligence on the part of the stevedore. The only ground for this third-party action is the contractual obligation assumed by the stevedore to do the work in a proper, safe and workmanlike manner.

The jury's findings that the winch was defective and that its condition caused the accident were amply justified by the evidence and are not questioned at this time. The theory on which the shipowner asks indemnity is that the stevedore's obligation to do the work properly was breached because it's ship boss with knowledge of the defective condition permitted his men to continue to use the winch, after having reported the defect to the ship's officers and being aware that it had not been remedied. On this point the case is almost on all fours with Hagans v. Farrell Lines, 3 Cir., 237 F.2d 477. In that case, the Court pointed out (at page 482) that the shipowner based its claim, partly at least, "upon the asserted neglect of Lavino (the stevedore) * * * in using the winch knowing its condition to be defective." The Court refused to allow indemnity, saying, "Knowledge of and acquiescence in the existence of a defective appliance or condition may prevent the fruition of the right to indemnity. Restatement, Restitution, Sections 93 and 95, and Reporters' Notes. But it does not necessarily fol-low that the burden of indemnity is thereby created. * * * Nothing in the record suggests intentional or reckless conduct on the part of Lavino which would permit the conclusion that Lavino's violation of duty toward Farrell supersedes Farrell's violation of duty toward Lavino. See Restatement, Restitution, Section 97." Here, Ryan's conduct in allowing its men to continue to work with the defective winch not being reckless or intentional, Ryan's negligence in that respect does not supersede Pan-Atlantic's violation of its duty to furnish Ryan with seaworthy equipment.

I think that both the present case and the Hagans case are easily distinguishable from American President Lines, Ltd. v. Marine Terminals Corp., 9 Cir., 234 F. 2d 753. In that case the shipowner advised the stevedore of the existence of defective strongbacks over the hatch and directed the stevedore to have them removed. The stevedore disregarded this direction and, as a result, one of the longshoremen was injured. Plainly, having been advised of a condition which made the work unsafe and having been directed to remedy the situation, it became part of the stevedore's obligation of proper workmanship to do so, and when the stevedore failed to take the necessary steps to make the work safe, it was breaching its contract.

In the present case, the alleged default of the stevedore was not in breaching its contract but in carrying it out under conditions created by the shipowner. In substance, the shipowner argues that the stevedore should have stopped the work until the winch was fixed but, bearing in mind that the basis of indemnity is contractual, how can it be argued that the stevedore breached its contract with the ship by not refusing to go on with the equipment furnished by the ship? Is it part of a stevedoring contract that the stevedore will walk off the job if he finds the ship's equipment unsuitable? It may be negligent for him not to do so but it is in furtherance of his contract rather than a breach of it, and the shipowner

could hardly hold him liable for trying to complete the work.

The motions to vacate and for Judgment notwithstanding the verdict are granted.